Paul V. Nowicki, Esq. Informal Opinion County Attorney No. 96-38 County of Rockland Allison-Parris County Office Bldg. New City, N Y 10956
Dear Mr. Nowicki:
Your deputy has asked whether a tax deed taken by Rockland County sufficiently describes the property conveyed for filing with the county clerk's office if it references the property's tax map identification.[1]
Your deputy has also asked whether property owners other than the county may file deeds using the tax map identification. Her inquiry states that the county clerk currently accepts tax deeds containing tax map identification numbers from the county, but requires all other parties to file either a metes and bounds or a map description.
We conclude that although deeds making reference to a tax map are generally acceptable for recording by anyone, such a method of describing the property is not always accurate, and, in our view, is not a preferred method. It is common knowledge that tax maps often do not conform to the filed map description, because the purpose of a tax map is to identify a parcel generally for assessment purposes, not for the purpose of effecting a conveyance.
Although the primary descriptive elements in a deed are usually monuments, courses and distances, adjacent lands, and area or quantity, any method or combination of methods and descriptive elements that clearly identify the land to be conveyed may be acceptable, so long as it allows the property to be identified accurately. See, Brookhaven v.Dinos, 76 A.D.2d 555 (2d Dept 1980), affd, 54 N.Y.2d 911 (1981).
Significantly, courts have been willing to take judicial notice of tax maps. See, Lancaster SLI Co. v. City of New York, 214 N.Y. 1, 9 (1915);Wallach Co. v. Rooney, 177 App. Div. 640, 643 (1917). A description of property by a tax map has been found sufficient for the purpose of effectively conveying real property. Conklin v Jablonski, 67 Misc.2d 286
(Sup Ct Nassau Co 1971). When a tax map accurately describes "the property of the [owner] and none other" it has been held sufficient for the purposes of a lawful and effective conveyance of the property.Lancaster SBI Co. v. City of New York, 214 N.Y. 1, 9 (1915). Though using tax maps to describe the parcel of property to be conveyed is not an ideal method, we can find no basis in the law that would permit the county clerk to refuse to accept for recording an otherwise valid tax deed.
We also note that the county clerk's duty under the Real Property Law is to accept a deed for filing if it is submitted in recordable form. See, Real Property Law §§ 291, et seq. The county clerk is not in a position nor required to ascertain the veracity or accuracy of the deed.
We conclude that deeds filed by the county and others making reference to a tax map are acceptable for recording with the county clerk's office. However, such a method for describing property is subject to inaccuracies and, therefore, is not a preferred method.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JOSEPH CONWAY, Assistant Attorney General
[1] According to your inquiry, when the county takes tax delinquent property, the underlying tax deed makes a reference to the property as it is described in the tax maps used to prepare the local assessment roll. Real Property Tax Law 503(1)(a). The assessment roll contains a description of each parcel by lot, block and section number.